### JOSEPH & FEISS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6386.

#### Circuit Court of Appeals, Sixth Circuit.

#### May 7, 1934.

Irwin N. Loeser, of Cleveland, Ohio (George R. Beneman and A. E. James, both of Washington, D. C., on the brief), for petitioner.

J. H. McEvers, of Washington, D. C. (Sewall Key, C. M. Charest, and J. M. Leinenkugel, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN and SIMONS, Circuit Judges, and TAYLOR, District Judge.

MOORMAN, Circuit Judge.

On May 5, 1926, the petitioner acquired all the capital stock of the Kibler Company, a pre-existing corporation. The subsidiary had kept its books and accounts on a fiscal year basis, but with the permission of the Commissioner changed to a calendar year basis on February 1, 1926. For the year 1926 petitioner filed a consolidated income tax return showing its net income for the calendar year and that of its subsidiary for the period from February 1 to December 31, 1926. In this return it deducted from its income a portion of a loss which it had sustained in 1925. In the consolidated return filed by it for 1927 it deducted from its own net income the portion of its 1925 loss unabsorbed by the deduction in the 1926 return. The Commissioner ruled that no part of its 1925 loss could be used as a deduction in 1927, and determined a deficiency accordingly. The Board of Tax Appeals sustained the assessment. 26 B. T. A. 1424.

Section 206 (b) of the Revenue Act of 1926 (26 USCA § 937(b) allows a taxpayer to carry forward a net loss two taxable years beyond the year in which it was sustained. Section 200(a) of the Revenue Act of 1926 (26 USCA § 931(a) provides:

"The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed. * * * The term 'taxable year' includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1925, shall be the calendar year 1925 or any fiscal year ending during the calendar year 1925."

The question for decision is whether the period from December 31, 1925, to May 5, 1926, is to be regarded as a taxable year within the meaning of the statute, and thus whether two taxable years had elapsed at the time the petitioner sought to take the deduction in 1927. Article 634 of Treasury Regulations 69 provides:

" * * * Where corporations are not affiliated at the beginning of the taxable year but through change of stock ownership during the year become affiliated, a full disclosure of the circumstances of such changes of

stock ownership shall be submitted to the Commissioner.

"Ordinarily in such cases, where only two corporations are involved, * * * each corporation should file a separate return from the beginning of the taxable period to the date of the change in stock ownership, and a consolidated return should be filed by the parent or principal corporation from the date of change of stock ownership to the end of the taxable year, including therein the income of the subsidiary or subordinate corporation for such period."

The respondent contends that it was the duty of the petitioner to file two returns for 1926, one for the fractional part of the year ending May 4th, and the other, a consolidated return, for the remainder of the year, and in determining whether the unabsorbed portion of the 1925 net loss of the petitioner may be carried over to 1927, this period ending May 4, 1926, must be regarded as a taxable year, though the petitioner did not file a separate return therefor. This was the holding of the majority of the Board of Tax Appeals.

The court decisions are at variance in their interpretations of the term "taxable year" as used in the statute. The Court of Appeals of the District of Columbia held in Wishnick-Tumpeer, Inc., v. Commissioner,[1] —— F.(2d) —— (March 12, 1934), that where an affiliate joins a group, it must file or be treated as having filed a separate return for the period between the end of its former separate return period and the commencement of the taxable year of the group, and that such period is to be treated for purposes of deduction as a taxable year. Morgan's, Inc., v. Commissioner, 68 F.(2d) 325 (1st C. C. A.), is to the contrary. That case involved the right of an affiliate to deduct a loss from later profits. Two returns were filed by the affiliate for the year the affiliation took place, and the court held that section 200(a) should be given a liberal construction so as to enable a corporation which had affiliated with other corporations, or had changed its accounting method, to spread its losses over the succeeding two years in accordance with the spirit of the act. A similar ruling was made in Arnold Constable Corporation v. Commissioner (C. C. A. 2d) 69 F.(2d) 788, 789, where the affiliate filed a separate return for the part of the year preceding its affiliation and a consolidated return with its parent for the remainder of the year. It was held that the affiliate might carry over its losses for twenty-four months after the year in which they were suffered, notwithstanding it had filed two returns for the year in which the affiliation took place. The court said:

"It is argued that the words in section 200(a), 'The term "taxable year" includes, in the case of a return made for a fractional part of a year * * * the period for which such return is made,' are a definition of a taxable year for all purposes. But the words first appeared in section 200(a) of the Revenue Act of 1924 (26 USCA § 931 and note) and were inserted in the corresponding sections of the Acts of 1918 and 1921 to broaden relief which had before that time been allowed to taxpayers. * * *

"The revised definition of 'taxable year' inserted in section 200(a) by the 1924 act was particularly intended to cover cases where a corporation had begun business within a regular taxable year or had discontinued business or changed its accounting period before the end of its taxable year. Any interpretation of section 200(a) which would make a report for a fractional part of a year prior to affiliation a taxable year for the purpose of deducting net losses under section 206(b) deprives corporations affiliating at times other than the beginning of a full taxable year of the right to carry forward net losses over two periods of twelve months each. Should there be affiliations with a number of corporations at different dates in the same year (a not unusual case), the taxpayer might essentially lose the right to deduct the prior year's loss from profits accruing during a period of more than a few days. Such a result is certainly repugnant to the purpose of the statute modeled in general on the English act and intended in a measure to stabilize income taxes for periods of three full years."

Section 206(b) of the act of 1926, being remedial, must be given a liberal construction. Having its purpose in mind, it is to be construed, in our opinion, even when read in connection with section 200(a), as permitting a corporation which becomes affiliated with another corporation to carry over a loss sustained before the affiliation for two full years from the expiration of the taxable year in which the loss was sustained.

The decision of the Board of Tax Appeals is reversed and the cause remanded with instructions to allow the deduction.

[1] Rehearing pending at date of publication.