## CORNER BROADWAY–MAIDEN LANE, Inc., et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 51.

Circuit Court of Appeals, Second Circuit.

March 18, 1935.

Robert H. Montgomery, of Washington, D. C. (Thomas G. Haight, of Jersey City, N. J., and James O. Wynn and Thomas Tarleau, both of New York City, of counsel), for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The deficiency in income tax of Corner Broadway-Maiden Lane, Inc., a corporation, which will hereafter for convenience be referred to as the petitioner, resulted from determining its tax liability for 1929 on the basis of its separate income instead of on the basis of a consolidated return. Two questions are presented; the first, whether the petitioner was privileged to file a consolidated return pursuant to the provisions of section 141 of the Revenue Act of 1928 (45 Stat. 831 [26 USCA § 2141]), and the second, whether the consolidated return which was filed on its behalf departed so far from compliance with the regulations as to justify the Commissioner in computing the tax on the basis of the separate net income of the petitioner. The case was presented to the Board upon stipulated facts.

During the year 1929 Lawyers' Title & Guaranty Company owned all the capital stock of Lawyers' Trust Company and of Lawyers' Realty Company, and the latter owned all the capital stock of the petitioner and two other corporations. All were domestic corporations. The parent corporation, Lawyers' Title & Guaranty Company, was an insurance company subject to the tax imposed by section 204 of the Revenue Act of 1928 (45 Stat. 844 [26 USCA § 2204]); the other corporations were not insurance

companies and were subject to the tax imposed by section 13 of the act (45 Stat. 797 [26 USCA § 2013]). Section 141 of the act (26 USCA § 2141) confers upon "an affiliated group of corporations" the privilege of making a consolidated return for the taxable year 1929 and subsequent years. So far as material, that section is set forth in the margin.[1] Because of subdivision (e) thereof (26 USCA § 2141 (e), the parent company was not included in the consolidated return in question. The return was filed by Lawyers' Trust Company on behalf of itself, Lawyers' Realty Company, and the latter's three subsidiaries. The Commissioner ruled that the petitioner was not affiliated with any other company, and determined the deficiency in dispute. The Board, without deciding the question of affiliation, sustained the deficiency on the ground that the consolidated return did not comply with the regulations.

We entertain no doubt that the corporations involved in this case constituted an "affiliated group" within the meaning of that term as used in section 141. They fall squarely within the definition of subsection (d) of section 141 (26 USCA § 2141 (d), since the common parent owned all the stock of Lawyers' Trust Company and all the stock of Lawyers' Realty Company, which in turn owned all the stock of the petitioner and the two other corporations. The Commissioner contends that it cannot

be supposed that the Congress intended one rule for affiliation and another for consolidation; and, since subsection (e) excludes the parent insurance company from the consolidated return, it must also be excluded from the affiliated group, and therefore no consolidated return may be filed for the noninsurance companies. We think the inference is just the opposite. The special provision excluding insurance companies from the consolidated return is necessary only because they are within the affiliated group. The reasons are obvious why an insurance company, taxable under different provisions, should not be included in 'the same consolidated return with noninsurance companies; but no reason of policy has been suggested for withholding the privilege of consolidation from the other members of the affiliated group. The statute clearly gives the affiliated group the privilege of making a consolidated return, even though some member of the group is excluded therefrom by subsection (e).

 The Commissioner relies also upon article 2 (b) of Regulations 75, which reads as follows:

"Art. 2 Definitions. * * *

"(b) Affiliated Group.—The term 'affiliated group' includes the common parent corporation and every other corporation for the period during which such corporation is a member of the affiliated group within the

---

[1] "Sec. 141. Consolidated Returns of Corporations—1929 and Subsequent Taxable Years

"(a) *Privilege to File Consolidated Returns.* An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year 1929 or any subsequent taxable year, in lieu of separate returns. The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) prescribed prior to the making of such return; and the making of a consolidated return shall be considered as such consent. * * *

"(b) *Regulations.* The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of an affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be determin-

ed, computed, assessed, collected, and adjusted in such manner as clearly to reflect the income and to prevent avoidance of tax liability. * * *

"(d) *Definition of 'Affiliated Group.'* As used in this section an 'affiliated group' means one or more chains of corporations connected through stock ownership with a common parent corporation if—

"(1) At least 95 per centum of the stock of each of the corporations (except the common parent corporation) is owned directly by one or more of the other corporations; and

"(2) The common parent corporation owns directly at least 95 per centum of the stock of at least one of the other corporations. * * *

"(e) A consolidated return shall be made only for the domestic corporations within the affiliated group. An insurance company subject to the tax imposed by section 201 or 204 [section 2201 or 2204] shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13 [section 2013]."

meaning of section 141 of the Act; but does not include any corporation which under section 141 cannot be included in a consolidated return (for example, * * * an insurance company, in the case of a consolidated return for corporations subject to the tax imposed by section 13. * * *"

This attempts to enact as a regulation the Commissioner's contention that an affiliated group does not include any corporation which under section 141 cannot be included in a consolidated return. It is directly contrary to the statutory definition of an affiliated group, and to that extent it must be regarded as invalid. A decision by the Board has so held in a well-reasoned opinion. Travelers Indemnity Co. v. Com'r, 31 B. T. A. 507, No. 102. Although section 141 (a) of the act [26 USCA § 2141 (a)] conditions the making of a consolidated return on consent to regulations prescribed under subsection (b), this requirement must be limited to regulations not inconsistent with the statute or otherwise invalid. As to the first question presented by this appeal, we conclude that the affiliated group had the privilege of filing a consolidated return, excluding therefrom the income of the parent insurance company.

 The remaining question is whether the Commissioner was justified in assessing the tax upon the petitioner's separate income because of defects in the consolidated return. Pursuant to the authorization of section 141 (b) of the act [26 USCA § 2141 (b)], regulations have been prescribed. Article 12 of Regulations 75 provides that a consolidated return shall be made "by the parent corporation for the affiliated group." Article 16 makes the parent the agent of each corporation which was a member of the affiliated group, and article 18 (b) reads as follows:

"Art. 18. Failure to Comply with Regulations. * * *

"(b) Parent Incorrectly Designated in Consolidated Return.—If a consolidated return includes a corporation as the parent and such corporation was not (under the provisions of section 141 of the Act) the parent, the tax liability of each corporation included in the return will be computed in the same manner as if separate returns had been filed, unless, upon application, the Commissioner approved the making of a consolidated return, or unless under article 11 a consolidated return is required for such year."

In the case at bar the consolidated return was filed by Lawyers' Trust Company, not by the parent insurance company. It was the opinion of the Board that the return "includes" the trust company "as the parent" and so brought into play the provisions of article 18 (b) and justified computation of the tax of each corporation as if separate returns had been filed. With this conclusion we cannot agree. Article 18 (b) presupposes that a corporation included in the consolidated return is incorrectly designated as the parent. This is what we understand to be contemplated as the condition of computing the tax on the basis of separate returns. No such error occurred here. The consolidated return was filed by the trust company, but not "as the parent"; and the return itself correctly included only the income and deductions of those members of the affiliated group who were entitled to consolidation. The sole violation of the regulations consisted in failure to have the return made by the parent, as required by article 12 (a). The statute itself does not specify which member of the affiliated group shall make the consolidated return, but the requirement by regulation that it be made by the parent corporation is a reasonable and appropriate provision, even though the parent's income is excluded from the return by section 141 (e). No doubt the Commissioner could have insisted upon correction of the consolidated return filed by the Lawyers' Trust Company, so as to have it signed by the parent corporation. We may assume that the Commissioner could by regulation have prescribed that the making of a consolidated return by a member of the affiliated group other than the parent should result in computation of the tax of each corporation as if separate returns had been filed. But he has not done so. Article 12 (a) does not provide that the penalty for its violation shall be computation of tax liability on the basis of separate returns. Where the regulations specify that penalty, as in article 18, for certain infractions of the regulations, the inference is strong against imposing it for a different infraction. Nor has any reason been advanced why default in the respect under consideration should be more fatal than default in other respects which admittedly do not have the result of forfeiting the privilege of taxation on the consolidated basis; for example, the failure to file any of the forms prescribed by subdivisions (b) and (c) of article 12. See article 18 (a).

In our opinion the Commissioner was not authorized to assess the tax upon the petitioner's separate income, and the decision of the Board must be reversed. It is so ordered.