## S. SILBERMAN & SONS v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5342.

Circuit Court of Appeals, Seventh Circuit.
March 29, 1935.

---

Arnold R. Baar, Herman T. Reiling, and KixMiller, Baar & Hoffman, all of Chicago, Ill., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Arnold Raum, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS, SPARKS, and FITZ-HENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an appeal from a judgment of the United States Board of Tax Appeals sustaining the determination of respondent that an asserted deficiency deducted by petitioner on its return for the year 1925 did not constitute an allowable deduction for income tax purposes. The loss which petitioner claims to have sustained arose out of a sale of its subsidiary's capital stock.

The facts are stated in the opinion of the Board:

"S. Silberman & Sons is an Illinois corporation, with its principal office at Chicago. Wm. E. Voelkel & Son Co., Inc., is a Louisiana corporation, with its principal office at New Orleans.

"In December, 1922, S. Silberman & Sons acquired 746 shares of the total of 750 shares of the issued and outstanding capital stock of the Voelkel Corporation, and sold the said stock on December 28, 1925, at an alleged loss. The two petitioner corporations filed a consolidated income tax return for 1925, and deducted from consolidated income the amount of $349,419.24 as a loss sustained on the sale of the subsidiary's stock.

"The respondent determined that any loss sustained by S. Silberman & Sons upon the disposal of the capital stock of its subsidiary was not allowable as a deduction from consolidated income for the period of affiliation, but could be taken as a deduction only from the separate income of S. Silberman & Sons for the period subsequent to the termination of the affiliation. This action of the respondent resulted in the determination of the deficiencies in controversy.

"In addition to the reasons just stated, upon which the respondent predicated his determination of the deficiency, respondent contends that the evidence is insufficient to establish the amount of the loss sustained on the disposition of the stock in question, if any, and, further, that such loss, in any event, should be reduced by the amount of

362

a dividend declared and paid on the Voelkel stock shortly after it was acquired by S. Silberman & Sons."

The Board did not discuss either of the last two points mentioned. However, our examination of the record shows that the government never admitted the existence of the loss, and we believe the question is of sufficient importance to merit consideration upon this appeal.

Article 31 of Regulations 69 provides: "In the case of stock sold between dividend dates, the entire amount of the dividend is income to the vendee and must be reported in his gross income when the dividend becomes due and payable. The amount advanced by the vendee to the vendor in contemplation of the next dividend payment is an investment of capital and may not be claimed as a deduction from gross income."

Appellant cites this regulation and the cases of Moore v. Commissioner, 22 B. T. A. 366 and Rippel v. Commissioner, 12 B. T. A. 438, in support of the contention that the dividend of 450 per cent. should not be deducted from the purchase price under the circumstances of this case. The cases are clearly distinguishable upon their facts. In Moore v. Commissioner, supra, a dividend of 25 cents a share was declared and paid *after* petitioner became the owner of the stock. In Rippel v. Commissioner, supra, petitioner purchased certain shares of stock three days *prior* to the declaration of the *regular quarterly dividend,* which dividend he expected would be declared. The court held that when the dividend was actually received by him, it was taxable as an ordinary dividend.

█ But can a corporation claim a loss of $349,419.24 from the sale of shares of stock of an affiliated corporation under the following circumstances: (A) Purchase for an alleged sum of $424,019.24, on December 18th? (B) Before purchase a dividend declared amounting to 450 per cent. or a total of $337,500 payable to stockholders of record on December 19th? (C) Sale of stock for $74,600? In determining the cost of the shares of stock of the affiliated corporation to the parent corporation, the court will look to what the parties actually paid, rather than what they purported to pay. Commissioner v. Dyer, 74 F.(2d) 685 (C. C. A. 2d) decided January 14, 1935; McDonald v. Commissioner, 28 B. T. A. 64; Rubay Co. v. Commissioner, 9 B. T. A. 133; Robinson v. Commissioner (C. C. A.) 59 F.(2d) 1008; Gregory v. Helvering, 293 U. S. 465, 55 S.

Ct. 266, 79 L. Ed. ——. We cannot escape the conclusion, upon the record here before us, that the actual cost of the stock, even though we accept petitioner's own figures for the purchase price ($424,019.24) must be reduced by $331,266.

The record shows that the alleged purchase of the 746 shares of stock in Voelkel & Sons Company was paid for in stock of S. Silberman & Sons and a credit of $75,000. What is being attempted in this case is well illustrated by the man who had $10,000 in a billfold in his right hip pocket, who took it out and transferred the money to his left hip pocket, then sold the billfold for a nominal sum and sought to get a deduction in his income tax return of the difference between the value of the billfold before the extraction and the transfer of the money, and its value afterwards. If the Regulations are susceptible of a construction to authorize such a transaction, the Regulations should be amended.

The point upon which the Board rested its decision is raised by the question "whether or not a loss on the sale by a parent corporation of its subsidiary's stock, which thereby terminated the affiliated status, is deductible from consolidated income for the period of affiliation." The Board held the deduction was not allowable on the authority of Remington Rand, Inc., v. Commissioner (C. C. A.) 33 F.(2d) 77; Riggs National Bank v. Commissioner, 17 B. T. A. 615, affirmed Burnet v. Riggs Nat. Bank (C. C. A.) 57 F.(2d) 980.

█ The alleged loss could, in no reasonable view of the case, be held to be the loss of the affiliated companies. It arose out of a sale by S. Silberman & Sons, which sale terminated the affiliation, and it may not be deducted from the consolidated income. Aluminum Goods Mfg. Co. v. Commissioner (C. C. A.) 56 F.(2d) 568; Houghton & Dutton Co. v. Commissioner, 26 B. T. A. 52.

The regulation upon the subject of whether the petitioner's taxable year should have been divided into two periods reads as follows (Regulations 69): "Art. 634. Change in ownership during taxable year.— (a) Where corporations are affiliated at the beginning of a taxable year but due to a change in stock ownership or control during the year the affiliated status is terminated, or (b) where corporations are not affiliated at the beginning of the taxable year but through change of stock ownership or control during the year become affiliated, a full disclosure of the circumstances of such

changes of stock ownership shall be submitted to the Commissioner. Ordinarily in such cases the parent or principal company, under the conditions described in (a) above, should exclude from its return the income and invested capital of such subsidiary or subordinate company from the date of the change of stock ownership, * * *. In any case in which the change of consolidated status is for a period so short as to be negligible, a consolidated return or separate returns for the entire period, as the case may be, may be filed; in such cases, however, there should accompany the return a complete statement setting forth the changes in the affiliated status occurring during the taxable year."

Petitioner contends that the period of four days is a negligible one and that it, therefore, properly filed one return for the full taxable year. The respondent, on the contrary, rightly contended that the period was not negligible in view of the extent and importance of the transactions occurring therein.

The taxpayer having failed to show what part of the income belonged to the periods during and after affiliation, the Board had no way of allocating this item, and it properly refused the deduction in its entirety.

Affirmed.