### PALOMAS LAND & CATTLE CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 8261.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1937.

Robert M. L. Baker, M. F. Mitchell, and George G. Witter, all of Los Angeles, Cal., for petitioner.

Robert H. Jackson, Asst. U. S. Atty. Gen., and Sewall Key, Norman D. Keller, and Warren F. Wattles, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, a corporation, seeks reversal of a decision of the Board of Tax Appeals which sustained a determination by respondent, the Commissioner of Internal Revenue, that there was a deficiency of $15,474.48 in respect of the income tax which respondent claimed was payable by petitioner "for the eleven months fiscal period ended November 30, 1928." The facts are not in dispute. As stipulated by the parties and found by the Board, they are as follows:

Petitioner, in 1915, purchased all the capital stock of Grand Canyon Cattle Company, a corporation (hereafter called Canyon), for $200,000, and was the owner and holder thereof until November 30, 1928,[1] on which date petitioner received from Canyon a distribution, in partial liquidation, of $50,000, thereby reducing the cost basis of the stock to $150,000. Thereafter, on November 30, 1928, petitioner sold all its Canyon stock to third parties for $20,000, thereby sustaining a net loss of $130,000.

In the period January 1, 1928, to November 30, 1928, during which petitioner and Canyon were affiliated, their consolidated net income was $130,997.59, of which $128,953.04 was the net income of petitioner and $2,044.55 was the net income of Canyon. In the period November 30 to December 31, 1928, during which petitioner and Canyon were not affiliated, petitioner had no net income, but sustained a net loss of $130,565.11, including the above-mentioned loss of $130,000 sustained on November 30, 1928, and a further loss of $565.11 sustained in December, 1928.[2] Thus, for the whole calendar year 1928, if Canyon's net income for the period of affiliation be excluded, petitioner had no net income, but sustained a net loss of $1,612.07. If Canyon's net income for the period of affiliation be included and treated as belonging to petitioner, petitioner's net income for the calendar year 1928 was $432.48.

At all times pertinent to this decision, petitioner and Canyon kept their books on a calendar year basis and had, as their annual accounting period, the calendar year. Being affiliated corporations, they filed a consolidated income tax return for the calendar year 1927. No other corporation was included in the affiliated group. For 1928, petitioner filed a return for the full calendar year, included therein Canyon's net income, as well as petitioner's, for the period of affiliation (January 1 to November 30, 1928), deducted the net loss of $130,565.11 which petitioner sustained in the period November 30 to December 31, 1928, and reported as net income for the calendar year $432.48, which was less than the statutory exemption. Consequently, no tax was paid by petitioner.

Respondent ruled that petitioner's taxable year should be split into two so-called "fiscal periods," namely, (1) the period January 1, to November 30, 1928, during which petitioner and Canyon were affiliated, and (2) the period November 30 to December 31, 1928, during which they were not affiliated; that the two periods, though

---

[1] Thus, in 1927 and until November 30, 1928, petitioner and Canyon were affiliated corporations. Revenue Act 1926, § 240(d), 44 Stat. 46; Revenue Act 1928, § 142(c), 45 Stat. 832.

[2] The record does not show what gross or net income, if any, Canyon had or what net loss, if any, it sustained in the period November 30, to December 31, 1928. It filed a separate return for that period, but what the return contained or what tax, if any, Canyon paid for 1928, is not disclosed. These matters are, in our view of the case, quite immaterial.

they together comprised but a single calendar year, should be treated as constituting two distinct taxable years; that an income tax should accordingly be computed and assessed against petitioner for the period January 1 to November 30, 1928, as for a full taxable year; and that petitioner's tax for that period should be computed and assessed on the combined net income of petitioner and Canyon during that period, taking no account of income received or losses sustained in the period November 30 to December 31, 1928.

Proceeding on this basis, respondent determined that petitioner owed an income tax of $15,474.48, not for the calendar year 1928, but for the so-called "eleven months fiscal period ended November 30, 1928."

Respondent's ruling was obviously improper. Consistently, since the adoption of the Sixteenth Amendment, the Revenue Acts have provided for assessment of income taxes on the basis of annual periods of twelve months each, which may be either the calendar year or a different fiscal year adopted by the taxpayer. Helvering v. Morgan's, Inc., 293 U.S. 121, 126, 55 S.Ct. 60, 61, 62, 79 L.Ed. 232. The Revenue Act of 1928 is no exception. Section 11 of the act, 45 Stat. 795 (26 U.S.C.A. § 11 note), provides:

"There shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax. . . ."

Section 12(a), 45 Stat. 796 (26 U.S.C.A. § 12 note), provides:

"There shall be levied, collected, and paid for each taxable year upon the net income of every individual a surtax. . . ."

Section 13(a), 45 Stat. 797 (26 U.S.C.A. § 13(a) and note), provides:

"There shall be levied, collected, and paid for each taxable year upon the net income of every corporation, a tax. . . ."

Section 41, 45 Stat. 805 (26 U.S.C.A. § 41 and note), provides:

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer. . . ."

Section 48(a), 45 Stat. 807 (26 U.S.C.A. § 48(a) and note), provides:

" 'Taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed. . . . 'Taxable year' includes, in the case of a return made for a fractional part of a year under the provisions of this title [§§ 1–322] or under the regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1928, shall be the calendar year 1928 or any fiscal year ending during the calendar year 1928."

Reading all these provisions together and applying them to the facts of this case, it is clear that petitioner's taxable year was the calendar year 1928. Helvering v. Morgan's, Inc., supra. Nothing in the act empowered, much less required, respondent to split petitioner's taxable year into two taxable periods, as here attempted.

Section 142(a) of the act, 45 Stat. 832, provides:

"Corporations which are affiliated within the meaning of this section may, for the taxable year 1928, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return for the taxable year 1927 was made upon either of such bases, return for the taxable year 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner."

Section 142 (b), 45 Stat. 832, provides:

"In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. . . ."

There is here no warrant for splitting petitioner's taxable year into two taxable periods, nor can such warrant be found in article 733 of Regulations 74, cited by respondent. This article reads:

"Art. 733. *Change in stock ownership during taxable year where consolidated return is made.*—(a) Where corporations are affiliated at the beginning of a taxable

year but due to a change in stock ownership during the year the affiliated status is terminated, . . . a full disclosure of the circumstances of such changes of stock ownership shall be submitted to the Commissioner.

"Ordinarily in such cases, where only two corporations are involved, the corporations, under the conditions described in (a) of the preceding paragraph, should make a consolidated return including the income of both corporations to the date of the change of stock ownership, and each should make a separate return from the date of such change in ownership to the end of the taxable period. . . .

". . . In any case in which the change of affiliated status is for a period so short as to be negligible, a consolidated return or separate returns for the entire period, as the case may be, may be made; in such cases, however, there should accompany the return a complete statement setting forth the changes in the affiliated status occurring during the taxable year."

It is not claimed that petitioner failed to make full disclosure of the circumstances of the change in stock ownership, or to return a complete statement setting forth the change in affiliated status, occurring November 30, 1928. Assuming, without deciding, that petitioner should have filed a consolidated return covering the period January 1 to November 30, 1928, and a separate return covering the period November 30 to December 31, 1928, it does not follow that its taxable year should be split into two taxable periods. The regulations do not, nor could they, consistently with the act, make any such requirement.

The question here considered was not involved, considered, or discussed in Burnet v. Aluminum Goods Mfg. Co., 287 U.S. 544, 53 S.Ct. 227, 77 L.Ed. 484, in Burnet v. Riggs National Bank (C.C.A.4) 57 F.(2d) 980, or in Remington Rand, Inc., v. Commissioner (C.C.A.2) 33 F.(2d) 77, all of which are cited by respondent. The case of S. Silberman & Sons v. Commissioner (C.C.A.7) 76 F.(2d) 360, 363, is distinguishable, in that the taxpayer in that case "failed to show what part of the income belonged to the periods during and after affiliation." There was no such failure in this case. Here the Commissioner and the Board had before them all the information they would have had if a separate return had been filed for the period of non-affiliation.

Respondent's ruling appears to have been based on the false assumption that, where corporations are affiliated, within the meaning of section 142 and article 733, supra, the affiliated group constitutes a taxable entity, separate and apart from the corporations which comprise it. The falsity of the assumption has been repeatedly shown. Swift & Co. v. United States (Ct.Cl.) 38 F.(2d) 365, 375; Sweets Company of America v. Commissioner (C.C.A.2) 40 F.(2d) 436, 438; American-Hawaiian S. S. Co. v. United States (Ct. Cl.) 46 F.(2d) 592, 599; American Paper Exports v. Bowers (C.C.A.2) 54 F.(2d) 508, 509; United States v. Hoffman (C.C. A.8) 61 F.(2d) 294, 296.

Although petitioner was a member of an affiliated group of corporations during the period January 1 to November 30, 1928, and not during the period November 30 to December 31, 1928, it was nevertheless, during each period and throughout the calendar year, one taxpayer, not two.

Decision reversed.