COMMISSIONER OF INTERNAL REVE-
NUE v. GENERAL MACHINERY
CORPORATION.

No. 7485.

Circuit Court of Appeals, Sixth Circuit.
April 7, 1938.

F. E. Youngman, of Washington, D. C.
(Robert H. Jackson and Sewall Key, both
of Washington, D. C., on the brief), for pe-
titioner.

John Hollister, of Cincinnati, Ohio
(Robert A. Taft, Perry T. Garver, and Taft,
Stettinius & Hollister, all of Cincinnati,
Ohio, on the brief), for respondent.

Before HICKS, SIMONS, and ALLEN,
Circuit Judges.

SIMONS, Circuit Judge.

As in Joseph & Feiss Co. v. Commission-
er, 6 Cir., 70 F.2d 804, decided by us May
7, 1934, in accord with Arnold Constable
Corp. v. Commissioner, 2 Cir., 69 F.2d 788,
and as in Helvering, Commissioner, v. Mor-
gan's, Inc., et al., 293 U.S. 121, 55 S.Ct. 60,
79 L.Ed. 232, the question is whether two
periods in the same calendar or fiscal year
for which affiliated corporations are requir-
ed to make income tax returns constitute
two "taxable years" within the meaning of
the sections of the revenue acts which per-
mit a taxpayer suffering a loss in any
taxable year to deduct it from taxable
gains in the two succeeding taxable years.
The distinction which creates the contro-
versy notwithstanding the references, is
that there section 206 of the Revenue
Act of 1926, 44 Stat. 17, was construed,

while here the Revenue Act of 1928 controls.

The taxpayer filed a consolidated income tax return for the calendar year 1929, which included along with the income of other subsidiary companies that of the Niles Tool Works Company, which had become affiliated with it on March 27th of that year. The consolidated return reported the income of the Niles Tool Works Company for the full year, and deducted for that year the statutory net loss of Niles carried over from its return for the year 1927 and through 1928. The Commissioner in computing the tax upon the consolidated return deducted statutory net loss from income upon the basis of separate return for Niles only for the period January 1st to March 26th on the ground that it constituted the third taxable year of the subsidiary. No portion of the net loss of Niles for 1927 was allowed as a deduction from income for the period of affiliation. The result was the determination of a deficiency, reviewed by the Board of Tax Appeals, which reversed the Commissioner and determined an overassessment.

Section 117(b) of the 1928 Act, 26 U.S. C.A. § 117 note, as does section 206(b) of the 1926 Act, 44 Stat. 17, permits a net loss suffered in one year to be deducted in computing net income for the succeeding taxable year, and if such net loss is in excess of that year's income, it permits the excess to be deducted in computing net income for the third taxable year. The Commissioner had contended that the carry-over privilege of the statute was exhausted whenever a corporation which had carried a loss to one succeeding year was required to make a return for a period of less than a year. He relied upon the definition of "taxable year" in section 200(a) of the 1926 Act, 44 Stat. 10, which defines the term to include, "In the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made." The Supreme Court in Helvering v. Morgan's, Inc., supra, however, ruled that its meaning must be ascertained in connection with related sections, that income taxes had consistently been assessed on the basis of annual accounting periods, either calendar year or fiscal year as the taxpayer might adopt, and that where the return is for a period of less than twelve months the year of which it is a fractional part is the annual accounting period of the taxpayer, and is his taxable year.

The Commissioner concedes that Helvering v. Morgan's, Inc., supra, would be controlling in this case were it not for new provisions incorporated in the 1928 Act relating to the filing of consolidated returns, and these separate provisions must now be considered. While there is no substantial difference between the 1926 and 1928 Acts in definition of "taxable year" or provisions for loss carry-over, section 141 of the latter, 26 U.S.C.A. § 141 and note, is new. It provides as follows:

"(a) An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year [1929 or any subsequent taxable year], in lieu of separate returns. The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) * * * prescribed prior to the making of such return; and the making of a consolidated return shall be considered as such consent. In the case of a corporation which is a member of the affiliated group for a fractional part of the year the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group.

"(b) The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be determined, computed, assessed, collected, and adjusted in such manner as clearly to reflect the income and to prevent avoidance of tax liability."

Pursuant to this authority the Commissioner promulgated Regulation 75. The applicable sections are as follows:

"Article 13(g). If a corporation, during its taxable year becomes a member of an affiliated group, its income for the portion of such taxable year not included in the consolidated return of such group must be included in a separate return. * * *

"Article 14. The taxable year of the parent corporation shall be considered as the

taxable year of an affiliated group which makes a consolidated return, and the consolidated net income must be computed on the basis of the taxable year of the parent corporation."

"Article 41(d). Any period of less than twelve months for which either a separate return or a consolidated return is filed, under the provisions of Article 13, shall be considered as a taxable year."

It is argued from this that since subsection (a) of section 141, 26 U.S.C.A. § 141(a) and note, gives the Commissioner authority to prescribe such regulations as he may deem necessary to determine the tax liability of an affiliated group of corporations making a consolidated return, and since the exercise of the privilege of making such return granted by subsection (a) is conditioned upon the consent of all of the members of the affiliation to such regulations, the taxpayer, notwithstanding the meaning of the term "taxable years" in the carry-over section, is bound by all regulations once it has sought and obtained the privilege of filing a consolidated return.

 The argument is not persuasive. The 1928 Act permits the carrying over into two successive taxable years of net losses suffered in any year. It does so in terms concededly identical with those employed in the 1926 Act. Its purpose was, undoubtedly, to stabilize income over three year periods. The authority of the Commissioner to make regulations is admittedly broad, and the complexity of the administrative problems entrusted to his decision requires that it be so. This does not mean, however, that there is power in the Commissioner to amend the statute or to require surrender of any part of the statutory privilege as a condition to the grant of permission to file a consolidated return. Moreover, the purpose of section 141 seems clear from its terms. Subsection (a) requires that all corporations which are members of the affiliated group shall consent to regulations prescribed under subsection (b), and (b) indicates the scope of the regu-

lations authorized. They are such as are deemed necessary in order that the computation of tax liability of an affiliated group of corporations making a consolidated return shall clearly reflect income and prevent tax avoidance. It is difficult to see wherein Article 14(d) of Regulation 75 is in pursuance of that purpose. The stabilizing of corporate income over a three year period is not served by stabilizing income over a shorter period. The regulation is not effective to prevent tax avoidance, for if such is the purpose of the affiliation the corporations need only to affiliate at the beginning of a calendar or fiscal year. Nor does it help to clearly reflect income, for income remains the same whether computed for the whole year or by separate periods. A different situation is presented where a corporation seeks to change from a calendar year to a fiscal year basis, or vice versa. This, unlike affiliation, may not be effected without the consent of the Commissioner, and rightly so, for then opportunity is presented for tax avoidance by shifting the beginnings of fiscal years to take the best advantage of losses or changes in tax rates. So Wishnick-Tumpeer v. Helvering, 64 App. D.C. 295, 77 F.2d 774, is clearly to be distinguished from cases like the present, and was distinguished not only in Helvering v. Morgan's, supra, but by the very court which announced it.

 Our conclusion is that notwithstanding the breadth of authority given to the Commissioner by the 1928 Act to make regulations, no authority was conferred thereby upon him to change the statute so as to deprive a corporate taxpayer making a consolidated return of the full benefit of the carry-over section. In this we are in accord with the decision of the Ninth Circuit Court of Appeals in Palomas Land & Cattle Co. v. Commissioner, 91 F.2d 100, and supported by the reasoning of the court in the Second Circuit in Corner Broadway-Maiden Lane, Inc. v. Commissioner, 76 F.2d 106.

The decision of the Board of Tax Appeals is affirmed.