## COMMISSIONER OF INTERNAL REVENUE v. HUGHES TOOL CO.

### No. 9562.

Circuit Court of Appeals, Fifth Circuit.

March 26, 1941.

Warren F. Wattles, Sewall Key, and John J. Pringle, Jr., Sp. Assts. to the Atty. Gen., and J. P. Wenchel, Chief Counsel,

[3] Avery v. Commissioner of Internal Revenue, 5 Cir., 22 F.2d 6, 55 A.L.R. 1277; Quinn v. Commissioner, 5 Cir., 111 F.2d 372.

Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

J. L. Lockett, of Houston, Tex., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

As of December 13, 1929, the Hughes Tool Company, petitioner, acquired all the capital stock of the Caddo Company. The Caddo Company filed a separate return of income for the period from January 1, 1929, to December 12, 1929, during which period it had a statutory net loss of $728,-415.87. For the period from December 13, 1929, to December 31, 1929, petitioner and the Caddo Company filed a consolidated return which showed consolidated net income of $141,828.10; no effect was given to the said net loss. A consolidated return was also filed for 1930, and the $728,415.87 was then deducted as a carry-over net loss, of which deduction the Commissioner disallowed all in excess of $5,000.[1]

Upon this petition to review, we must decide whether the periods from January 1, 1929, to December 12, 1929, and from December 13, 1929, to December 31, 1929, for each of which respective periods a different return was filed, constituted one or two taxable years within the meaning of Sections 117(b) and 141(a) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, pages 388, 396. If these periods constituted separate taxable years, as contended by the Commissioner and as declared by Regulations 75, Art. 41(d), then the carry-over loss to which the petitioner was entitled was deductible in the consolidated return for the short period in 1929, that being the next succeeding taxable year and sufficient net income being reported. The carry-over loss amounted to $5,000.[2] If these periods constituted only one taxable year, as held by the Board of

Tax Appeals, the net loss was reduced by the consolidated net income in the return for the latter part of 1929, in the amount of $141,828.10, to $586,587.77, of which amount $5,000 was deductible in 1930 as the carry-over net loss fixed by the cost or aggregate basis of the Caddo stock in petitioner's hands.

We are not convinced that either the relevant portion of the Revenue Act of 1928, or the Commissioner's regulations promulgated pursuant to the broad powers thereby conferred, had the effect of changing the meaning of the term "taxable year" settled by and prevailing since the decision in Helvering v. Morgan's Inc., 293 U.S. 121, 55 S.Ct. 60, 79 L.Ed. 232. In that case, and others following it,[3] it was held that, where the return was for a period of less than twelve months, the year of which it was a fractional part is the annual accounting period of the taxpayer, which is his taxable year. The reasoning by which the court reached its decision applies with equal force to the Revenue Act of 1928. The provision for carry-over loss deductions in Section 117(b) from consolidated income of the succeeding year means the full accounting year, and not merely a portion thereof. The regulation promulgated by the Commissioner under the law of 1928, which provides that any period of less than twelve months, for which either a separate or a consolidated return is filed, shall be considered a taxable year, is inconsistent with the statute and must fail of force and effect.

This case is not one involving a change of a taxable year or accounting period;[4] the income remains unchanged whether one or more returns are made. The 1928 act changed the former acts in certain material ways, but no change was wrought in language or content which may reasonably be inferred to indicate an intent of Congress to change the settled interpretation of the words "taxable year."[5] We think the calendar year 1929 was one taxable year within the meaning

---

[1] See the case Hughes Tool Company v. Commissioner, 5 Cir., 118 F.2d 472, decided this day, which involves the same parties, the same order of the Board, and which supplements and is supplemented by this opinion.

[2] See the case of Hughes Tool Company v. Commissioner, 5 Cir., 118 F.2d 472, decided this day.

[3] Palomas Land & Cattle Co. v. Commissioner, 9 Cir., 91 F.2d 100; Commissioner v. General Machinery Corp., 6 Cir., 95 F.2d 759.

[4] Cf. Helvering v. Morgan's, Inc., supra; Wishnick-Tumpeer v. Helvering, 64 App.D.C. 295, 77 F.2d 774.

[5] Commissioner v. General Machinery Corp., supra.

of the applied provisions of the Revenue Act of 1928, and the order of the Board of Tax Appeals entered upon computations made in accordance herewith is

Affirmed.