VALLEY PAPERBACK MANUFACTURERS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Valley Paperback Mfrs., Inc. v. Commissioner
Docket No. 6455-73.
United States Tax Court
T.C. Memo 1975-311; 1975 Tax Ct. Memo LEXIS 61; 34 T.C.M. (CCH) 1359; T.C.M. (RIA) 750311; October 15, 1975, Filed David E. Jordan (President), for the petitioner. Paul Vignone, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: Respondent determined a deficiency of $95,873.10 *63 in petitioner's income tax for the year 1967. The principal issue presented for decision is whether the period January 1, 1968, to June 30, 1968, is the third "taxable year preceding" calendar year 1970, so as to prevent the carryback of petitioner's 1970 net operating losses to calendar year 1967 under section 172(b)(1)(A)(i) of the Internal Revenue Code of 1954. [1]
All of the facts are stipulated. The stipulation of facts, with the exhibits attached thereto, are incorporated herein by reference. The relevant facts are summarized below. Valley Paperback Manufacturers (hereinafter referred to as "petitioner") is an Arizona corporation. At the time of filing the petition in this case, its address was c/o VTR, Incorporated, New York, New York. Petitioner's U.S. corporation income tax return for calendar year 1967 was filed with the District Director of Internal Revenue, Phoenix, Arizona. Petitioner was acquired by VTR on July 1, 1968, and thereafter its income was included in the consolidated return of its parent, VTR. *64 In accordance with section 1.1502-76(b)(2), Income Tax Regs., petitioner filed a separate return for the period January 1 to June 30, 1968. VTR filed a consolidated return covering the calendar year 1968, including petitioner's income from July 1 to December 31, 1968. VTR filed consolidated returns for the calendar years 1969 and 1970. The consolidated return for 1970 showed a loss from operations of $11,015,616. That portion of the loss attributable to petitioner was $318,012. In a claim for refund filed January 1, 1972, petitioner cited its portion of the 1970 consolidated loss, which it claimed as a net operating loss carryback to taxable year 1967. Without audit at that time, respondent refunded $95,873.10, as claimed for calendar year 1967. Petitioner contends that the net operating losses suffered by petitioner, as a member of an affiliated group filing a consolidated return for 1970, may be carried back to petitioner's separate taxable year 1967. As authority, petitioner cites section 172(b)(1)(A)(i), which provides that a net operating loss may be carried back and allowed as a deduction in "each of the 3 taxable years preceding the taxable year of such loss." Respondent *65 contends that petitioner's taxable year 1967 was the fourth taxable year preceding the taxable year ended December 31, 1970, on the basis that petitioner's filing a separate return for the period January 1 to June 30, 1968, and thereafter reporting its income tax liability in the consolidated return of VTR for the remainder of 1968 resulted in the division of the calendar year 1968 into two taxable years for net operating loss carryback purposes. The intervening taxable years of petitioner consisted of (1) the period from January 1 to June 30, 1968; (2) the period from July 1 to December 31, 1968; and (3) the calendar year 1969. [2]
Petitioner, upon being acquired by VTR, became a member of an affiliated group filing a consolidated return. Section 1504(a). Consequently, petitioner was required to adopt the annual accounting period of the consolidated group. Section 1.1502-76(a)(1), Income Tax Regs. The return of the consolidated *66 group included the income of petitioner for the portion of the year in which it became a member of that group. Section 1.1502-76(b)(1), Income Tax Regs. Since the acquisition of control of the acquired corporation occurred more than 30 days subsequent to the close of its taxable year, the petitioner was required to file a separate return for the taxable period ending with the date of its acquisition. Section 1.1502-76(b), Income Tax Regs. This resulted in splitting a period of less than 24 months -- and in this case only 12 months -- into two taxable periods. Section 1501 provides for the election by affiliated group of corporations to file consolidated returns. Prior to acquisition of control of petitioner, VTR duly elected on behalf of itself and the other members of its affiliated group to file its return on a consolidated basis. In making this election, VTR thereby accepted the conditions prescribed in section 1501 for the filing of such returns. That section provides as follows: SEC. 1501. PRIVILEGE TO FILE CONSOLIDATED RETURNS. An affiliated group of corporations shall, subject to the provisions of this chapter, have the privilege of making a consolidated return with respect *67 to the income tax imposed by chapter 1 for the taxable year in lieu of separate returns. The making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under section 1502 prior to the last day prescribed by law for the filing of such return. The making of a consolidated return shall be considered as such consent. In the case of a corporation which is a member of the affiliated group for a fractional part of the year, the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group. Section 1.1502-76(d) of the consolidated return regulations referred to in section 1502 defines a separate taxable year as follows: (d) Taxable year of less than 12 months -- Any period of less than 12 months for which either a separate return or a consolidated return is filed under the provisions of this section shall be considered as a separate taxable year. [T.D. 6894 filed September 7, 1966, 1966-2 C.B. 362, 419]. The consent thus to be bound *68 by the consolidated return regulations, in effect, obligates the petitioner to be bound by such regulations unless patently inconsistent with the statute or otherwise invalid. See Corner Broadway-Maiden Lane v. Commissioner,76 F.2d 106 (2d Cir. 1935); Georgia Pacific Corp.,63 T.C. 790 (1975). The petitioner does not point out wherein the regulation defining the period of less than 12 months as a taxable year is either inconsistent with the statute or invalid. On the contrary, the regulation in question conforms to section 441(b)(3) and section 7701(a)(23), both of which define taxable year to mean a period of less than 12 months if a return is made for such period. In this respect, the statute differs from section 200(a) of the Revenue Act of 1924, wherein the language stated that a taxable year in the case of a return made for a fractional part of a year "includes" the period for which the return is made. See Helvering v. Morgan's Inc.,293 U.S. 121 (1934); Commissioner v. Hughes Tool Co.,118 F.2d 474 (5th Cir. 1941); Commissioner v. General Machinery Corp.,95 F.2d 759 (6th Cir. 1938); Palomas Land & Cattle Co. v. Commissioner,91 F.2d 100 (9th Cir. 1937). *69 Those cases preceded a change in language, adopted in section 135(d), Revenue Act of 1942. The definition of taxable year was amended to change the words "taxable year includes" to "taxable year means." In describing the change, the reports of the Ways and Means Committee and the Senate Finance Committee on the 1942 Act stated that the amendment "makes a clarifying amendment to section 48(a) of the Internal Revenue Code, which provides that in the case of a return for a fractional part of a year, the period covered by such return is a taxable year for all purposes." [3]
In our opinion, the respondent's ruling in section 1.1502-76(d), Income Tax Regs., that a period of less than 12 months for which a return is filed constitutes a "taxable year" is mandated by the 1942 amendment. The respondent's determination in this case must, therefore, be sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, in effect at the time this case arose, unless otherwise indicated.↩
2. It is not disputed that the amount claimed is eligible to be carried back from a consolidated to a separate return year, because a portion of the consolidated loss as computed under section 1.1502-12, Income Tax Regs.↩, is attributable to petitioner.
3. H. Rept. No. 2333, 77th Cong., 1st Sess. (1942), 1942-2 C.B. 372, 440; S. Rept. No. 1631, 77th Cong., 2nd Sess. (1942), 1942-2 C.B. 504↩, 584.