### Appeal of TACOMA GROCERY CO.     Docket No. 1286.

A corporation changing its accounting period from fiscal year to calendar year in 1919, *held* not entitled to benefits of section 204 (b) of the Revenue Act of 1918.

Submitted March 31, 1925; decided April 28, 1925.

*Luther F. Speer, Esq.*, and *Fred A. Woodis, Esq.*, for the taxpayer.

*Briggs G. Simpich, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, and PHILLIPS.

#### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of Washington and doing business at Tacoma, Wash. The deficiency letter from which this appeal is taken is dated December 13, 1924, and sets out a deficiency in income and profits taxes for the calendar year 1920 of $10,455.33 and overassessments for the fiscal year ended June 30, 1919, of $535.28, and for the taxable period from July 1, 1919, to December 31, 1919, of $519.13. Prior to June 30, 1919, the books of the taxpayer were kept and tax returns made upon the basis of a fiscal year ending June 30. Thereafter the taxpayer changed to a calendar year basis and filed a return of its income for the period from July 1, 1919, to December 31, 1919, and a return for the calendar year 1920. For the fiscal year ending June 30, 1919, the net income of the taxpayer was $38,243.63. For

the six months' period ending December 31, 1919, the taxpayer sustained a net loss of $51,823.63. For the calendar year ending December 31, 1920, the net income of the taxpayer was $61,240.12.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

PHILLIPS: The taxpayer in its petition alleges that the Commissioner erred in refusing to allow the loss sustained by it during the six months' period ending December 31, 1919, as a deduction from its net income for the fiscal year ending June 30, 1919, and the excess of such loss as a deduction in computing the net income for the calendar year 1920, and relies upon the provisions of section 204 (b) of the Revenue Act of 1918. Upon the oral argument and in their brief counsel for the taxpayer suggest that the benefits of this section might be applied by ascertaining the income of the taxpayer for the calendar year 1919 and applying the net loss, if any, to the net income for the last six months of 1918 and the excess against the net income for the calendar year 1920.

Section 204 (b) provides:

If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year; * * *. If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year.

This provision is more limited in scope and in the purpose for which it was enacted than the net loss provision subsequently enacted by Congress in the Revenue Act of 1921. *Appeal of Butler's Warehouses, Inc.,* 1 B. T. A. 851. This was the first departure by Congress from the rule that the earnings of each year must stand alone. It was intended to care for a period of deflation following the termination of the war which Congress felt must take place and it was limited to those taxpayers whose taxable year fell within the period designated. It is a fair assumption that Congress believed that those taxpayers whose fiscal years ended after January 1, 1919, and before November 1, 1919, would receive a proper adjustment due to deflation occurring within the taxable year, but whatever may have been the considerations which moved Congress, it is clear that the provisions of the Act extend only to those taxpayers having a taxable year falling within the period specified.

Had the taxpayer continued to make its returns on the basis of a fiscal year ending June 30, it is clear that it would not have been included within the relief granted by section 204 (b). Has the taxpayer by establishing a taxable period beginning July 1, 1919, and ending December 31, 1919, so changed its position that it can receive relief to which it would not otherwise be entitled? We think not,

Section 204 (b) refers specifically to a "taxable year." Section 200 defines the term "taxable year" to mean—

the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December.

Section 226, under which the taxpayer changed the basis of computing its net income from fiscal year to calendar year, speaks of the interim between the fiscal year and the calendar year as a "period," and provides that a separate return shall be made for this *period*, and further provides that the net income shall be computed on the basis of such *period*. In such a case as this, where the taxpayer has been in existence prior to the beginning of the taxable period, and the return does not purport to include income received during the twelve months preceding the close of the taxable period, the definition of a taxable year is so clear as to leave no room for construction. We must conclude that the taxpayer is not entitled to the benefits of section 204 (b).

We think it is also clear that the taxpayer may not change its accounting periods as suggested by counsel in order to permit it, in effect, to make a return for a six months' period from July 1, 1918, to December 31, 1918, and a further return for the calendar year 1919. Section 212 (b) of the law required that "the net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer." The returns were filed by the taxpayer upon this basis.