PENNSYLVANIA ELECTRIC STEEL CASTING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34934. Promulgated August 26, 1930.

*H. F. Kantner, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

OPINION.

MATTHEWS: The petitioner alleges that the respondent, in determining a deficiency of $1,984.52 in income tax for the year 1925, erred in refusing to allow as a deduction in 1925 the sum of $13,416.78, which sum represents the balance of the net loss sustained by the petitioner for the fiscal year ending August 31, 1923. The case was submitted upon the following stipulation of facts:

1. Pennsylvania Electric Steel Casting Co. was incorporated December 5, 1922.

2. It originally established its accounting period on a fiscal year basis extending from September 1, 1922, to August 31, 1923.

3. It filed its income and profits-tax return for the fiscal year ending August 31, 1923, and therein showed a net loss of $18,651.21.

4. It filed its income and profits-tax return for the fiscal year ending August 31, 1924, and therein showed a net income of $4,125.36.

5. Upon said last mentioned sum the petitioner claimed an allowance of $4,125.36 of the net loss of $18,651.21 before referred to and said claim was duly allowed by the Commissioner of Internal Revenue.

6. Permission was subsequently given by the Commissioner of Internal Revenue to the petitioner to change its returns from a fiscal to a calendar year basis, and thereupon Pennsylvania Electric Steel Casting Co. filed its income and profits-tax return for a 4-month period beginning September 1, 1924, and ending December 31, 1924, and therein showed a net income of $1,109.07.

7. Upon said last mentioned sum the petitioner claimed an allowance of $1,109.07 of the aforesaid net loss of $18,651.21 and said claim was duly allowed by the Commissioner of Internal Revenue.

8. The petitioner filed its income and profits-tax return for the calendar year 1925 and therein showed a net income of $25,240.34.

9. The petitioner deducted therefrom the sum of $13,416.78, being the balance of its loss for the fiscal year ending August 31, 1923,

and thereby reduced the net income to $11,823.56, on the basis of which it paid a tax of $1,277.06.

10. The Commissioner of Internal Revenue disallowed the said deduction of $13,416.78 and determined that the net income of the petitioner for the calendar year 1925 was $25,240.34 and that an additional tax of $1,984.52 should be assessed against it.

The petitioner asserts that the balance of the net loss sustained by it for the fiscal year ending August 31, 1923, is deductible for the calendar year 1925, under the provisions of section 206 of the Revenue Act of 1926. The respondent has disallowed this deduction on the ground that under the facts of the case the calendar year 1925 is the third succeeding taxable year after the year during which the petitioner sustained the net loss which it has undertaken to deduct in 1925, and that the unabsorbed balance of the loss is not deductible after the second succeeding taxable year.

Section 206 (b) of the Revenue Act of 1926 provides as follows:

If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year"); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

Section 206 (e) of the Revenue Act of 1926 provides as follows:

If for the taxable year 1923 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1921, or if for the taxable year 1924 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1924, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for one taxable year is, under this Act, allowed as a deduction for the two succeeding taxable years.

The petitioner takes the position that the term "taxable year" means a 12-month period, and contends that its right to deduct a loss from the net income for the two succeeding taxable years, as provided in section 206 of the Revenue Act of 1926, can not be restricted to a period of 16 months.

It is to be borne in mind that the petitioner filed returns for the fiscal years ending August 31, 1923, and August 31, 1924, and that in 1924 it voluntarily, but subject to and with the approval of the Commissioner, changed its accounting period from a fiscal to a calendar year basis, and filed a return for the period September 1, 1924, to December 31, 1924.

In section 200 (a) of the Revenue Act of 1926, it is provided:

The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December. The term "taxable year" includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. * * *

An identical provision is contained in section 200 (a) of the Revenue Act of 1924. Under prior revenue acts, the term "taxable year" was defined as meaning a 12-month period but, beginning with the Revenue Act of 1924, Congress has seen fit to define a taxable year differently and to provide that the term "taxable year" includes, in the case of a return made for a fractional part of a year, the period for which such return is made. See *Strain Brothers, Inc.*, 19 B. T. A. 601.

In *Pennsylvania Chocolate Co.* v. *Lewellyn*, 27 Fed. (2d) 762, the court said:

Having due regard to the various statutes in which the term is used by Congress, I think the words "taxable year", when fairly interpreted, mean taxable period, whether for twelve months or less. Any doubt or ambiguity regarding the meaning of "taxable year" has been removed in section 200 of the Revenue Acts of 1924 and 1926. * * *

It is my conclusion, therefore, that the term "taxable year" includes a period of less than twelve months when a taxpayer voluntarily, but subject to, and with the approval of, the Commissioner, changes its accounting period from a fiscal to a calendar year basis * * *.

The loss sustained by the petitioner for the fiscal year ending August 31, 1923, having been allowed as a deduction in computing the petitioner's net income for the fiscal year ending August 31, 1924, and in computing the petitioner's net income for the four-month period ending December 31, 1924, which period constitutes a "taxable year" within the meaning of the statute, we are of the opinion that the petitioner has had the benefit of the provisions of section 206. Accordingly, the respondent's action in disallowing the balance of the loss as a deduction in 1925 is sustained.

*Judgment will be entered for the respondent.*