SUNBURST REFINING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43421. Promulgated June 23, 1931.

*George E. Hurd, Esq., H. C. Hall, Esq., Homer G. Murphy, Esq.,* and *William B. Finlay, C. P. A.,* for the petitioner.
*J. E. McFarland, Esq.,* for the respondent.

OPINION.

BLACK: In the cases of *Pennsylvania Electric Steel Casting Co.*, 20 B. T. A. 602, and *Corno Mills Co.*, 21 B. T. A. 712, the Board had before it claims for net loss deductions in all respects similar to the situation in the instant case. In those cases we held adversely to the contention which petitioner is now making. In *Pennsylvania Electric Steel Casting Co.*, *supra*, we said:

The petitioner takes the position that the term " taxable year " means a 12-month period, and contends that its right to deduct a loss from the net income for the two succeeding taxable years, as provided in section 206 of the Revenue Act of 1926, can not be restricted to a period of 16 months.

It is to be borne in mind that the petitioner filed returns for the fiscal years ending August 31, 1923, and August 31, 1924, and that in 1924 it voluntarily, but subject to and with the approval of the Commissioner, changed its accounting period from a fiscal to a calendar year basis, and filed a return for the period September 1, 1924, to December 31, 1924.

In section 200(a) of the Revenue Act of 1926, it is provided:

> The term " taxable year " means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232. The term " fiscal year " means an accounting period of twelve months ending on the last day of any month other than December. The term " taxable year " includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. * * *

An identical provision is contained in section 200(a) of the Revenue Act of 1924. Under prior revenue acts, the term " taxable year " was defined as meaning a 12-month period but, beginning with the Revenue Act of 1924, Congress has seen fit to define a taxable year differently and to provide that the term " taxable year " includes, in the case of a return made for a fractional part of a year, the period for which such return is made. See *Strain Brothers, Inc.*, 19 B. T. A. 601.

In *Pennsylvania Chocolate Co.* v. *Lewellyn*, 27 Fed. (2d) 762, the court said:

Having due regard to the various statutes in which the term is used by Congress, I think the words " taxable year ", when fairly interpreted, mean taxable period, whether for twelve months or less. Any doubt or ambiguity regarding the meaning of " taxable year " has been removed in section 200 of the Revenue Acts of 1924 and 1926. * * *

It is my conclusion, therefore, that the term " taxable year " includes a period of less than twelve months when a taxpayer voluntarily, but subject to, and with the approval of, the Commissioner, changes its accounting period from a fiscal to a calendar year basis * * *.

The loss sustained by the petitioner for the fiscal year ending August 31, 1923, having been allowed as a deduction in computing the petitioner's net income for the fiscal year ending August 31, 1924, and in computing the petitioner's net income for the four-month period ending December 31, 1924, which period constitutes a "taxable year" within the meaning of the statute, we are of the opinion that the petitioner has had the benefit of the provisions of section 206. Accordingly, the respondent's action in disallowing the balance of the loss as a deduction in 1925 is sustained.

Upon the authority of the above cited cases, we hold that the $18,783.73 of petitioner's statutory net loss for the fiscal year ended November 30, 1924, involved in this proceeding, may not be used as a deduction in computing petitioner's net income for the calendar year 1926.

The remaining issue involves the value of certain shares of the petitioner's capital stock which it delivered to the Stevenson Consolidated Oil Company in payment for crude oil. The respondent in his determination of the deficiency herein treated this stock in the same manner as the taxpayer had treated it in his original tax returns, to wit, at par or $1 per share. At the hearing, on account of the fact that the value of this stock was at issue in the *Stevenson Consolidated Oil Company* case, 23 B. T. A. 610, and the petitioner therein was contending for a value of 25 cents per share in determining its own net income, the respondent amended his answer in this proceeding and alleged that the stock when paid out by petitioner in the purchase of crude oil had no value and asked that the deficiency be increased accordingly.

In our findings of fact we have found that the stock of petitioner had a fair market value of $1 per share in 1926 and $1 per share for the calendar month of December, 1925. We have made no findings of the fair market value of this stock for the fiscal year ending November 30, 1924, and none for the fiscal year ending November 30, 1925, because under our holding herein the amount of the statutory net loss of petitioner for the fiscal year ending November 30, 1924, is immaterial, for none of it can be carried forward and used as a deduction in computing petitioner's net income for the taxable year 1926. Petitioner's statutory net loss for the fiscal year ending November 30, 1925, was stipulated at the hearing to be $28,589.25. Therefore, a finding as to the fair market value of this stock for its fiscal year ending November 30, 1925, would not affect the statutory net loss already stipulated by the parties. Now, as to petitioner's statutory net loss for the calendar month of December, 1925, inasmuch as the figure of $1 per share of the stock of the petitioner was used in figuring the cost of goods sold in arriving at the statutory net loss of $6,170.96, and that figure has not been changed by our findings of fact, the statutory net loss for the taxable period, the calendar month of December, 1925, remains $6,170.96.

There being no change in computing the cost of goods sold by petitioner for the taxable year 1926, and there being no change in the statutory net loss of petitioner for the fiscal year ending November 30, 1925 (stipulated at the hearing), and no change in the statutory net loss for the taxable period, calendar month of December, 1925, both of which have already been allowed by respondent in computing petitioner's deficiency for 1926, respondent's motion to increase the deficiency is denied.

*Decision will be entered under Rule 50.*

*George E. Hurd, Esq., H. C. Hall, Esq., Homer G. Murphy, Esq.,* and *William B. Finlay, C. P. A.,* for the petitioner.
*J. E. McFarland, Esq.,* for the respondent.