880

## WATERMAN S. S. CORPORATION v. UNITED STATES.

No. 44090.

Court of Claims.

May 6, 1940.

Geo. E. H. Goodner, of Washington, D. C. (D. F. Prince and Scott P. Crampton, both of Washington, D. C., on the brief), for plaintiff.

Geo. H. Foster, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, and WHITAKER, Judges.

GREEN, Judge.

In 1933 the plaintiff, Waterman Steamship Corporation, with the permission of the Commissioner of Internal Revenue changed its accounting period from a calendar year basis to a fiscal year basis ending September 30, and the first income tax return under the new arrangement covered the nine months' period ending September 30, 1933. The parties agree that plaintiff's income for this period was $207,823.14, and $2,891.16 tax and $294.82 interest thereon were assessed and paid by the plaintiff. The plaintiff duly filed a claim for refund of the amount so paid claiming that in fact no tax was due for this period, and the question in the case is whether it was rightly assessed by the Commissioner. The basis of plaintiff's claim is that the Commissioner computed the tax on an annual basis, that is, he took the income for the nine months' period and ascertained what it would be at the same rate for a year. From this amount he deducted 12½ percent of the declared value of plaintiff's capital stock to find the taxable income. Computing 5 percent of that amount as the tax thereon for a year, he fixed the excess-profits tax for the taxable year at 9/12ths of this amount, or $2,891.16, which, as we have said above, was paid by the plaintiff. See Finding 6 for a detailed statement of the computation.

Plaintiff contends that the Commissioner should have deducted 12½ percent of the declared value of the stock from the amount of net income for the taxable year (nine months) which would give, as plaintiff claims, the correct amount of taxable income at $7,823.14 and that the excess-profits tax on that amount would be only $391.16.

The argument of plaintiff is to the effect that there is no authority in the law for computing plaintiff's 1933 excess-profits tax on an annual basis. Counsel for plain-

tiff insist that the Commissioner of Internal Revenue cannot legislate or read provisions into the law which are not found there but must administer the law as he finds it. This will be conceded. However, the Commissioner claims that the law makes a special provision for the calculation of the tax when it is being computed for a period of less than a year.

The excess-profits tax in this case was collected under Section 216 of the National Industrial Recovery Act, 48 Stat. 195, 208, which provides as follows:

"(a) There is hereby imposed upon the net income of every corporation, for each income-tax taxable year ending after the close of the first year in respect of which it is taxable under section 215, an excess-profits tax equivalent to 5 per centum of such portion of its net income for such income-tax taxable year as is in excess of 12½ per centum of the adjusted declared value of its capital stock * * * as of the close of the preceding income-tax taxable year * * * determined as provided in section 215. The terms used in this section shall have the same meaning as when used in the Revenue Act of 1932.

"(b) The tax imposed by this section shall be assessed, collected, and paid in the same manner, and shall be subject to the same provisions of law (including penalties), as the taxes imposed by title I of the Revenue Act of 1932."

■ We think Congress intended to compute the excess-profits tax upon the amount of profits which exceeded 12½ per cent annually on the adjusted declared value. If the tax were not imposed on an annual basis, there would in effect be one rate for a short term and a higher rate for a full year. In a case like the one before us where it is necessary to compute the tax for only part of a year, it is evident that a gross injustice would be done between taxpayers. If plaintiff's theory is correct, it would give a great advantage to the corporation which was making a return for only part of a year. A concern which was making a return for six months and made a profit of 12½ per cent would pay no tax although it was making profit at the rate of 25 percent on an annual basis, and another concern which was reporting for a full year and made 25 percent would be obliged to pay a very heavy tax. Nevertheless, if there is no provision whatever

in the law for computing the tax on an annual basis, the fact that an oversight occurred and an injustice was committed will not permit engrafting upon the law a provision to correct it.

■ Counsel for plaintiff call attention to the provisions of Section 216 imposing the excess-profits tax upon such portion of the net income for the "income-tax taxable year as is in excess of 12½ per centum of the adjusted declared value of its capital stock." The term "taxable year" has different significations, according to its use. Ordinarily it means the period for which the taxes are assessed and if this part of the National Industrial Recovery Act is to be followed literally, the action of the Commissioner could not be sustained. At this point it becomes necessary to determine whether the provisions of Section 216 of the National Industrial Recovery Act are modified by the provisions of the act of 1932 and this necessitates an examination of the provisions of the two statutes.

It will be observed that Section 216 of the National Industrial Recovery Act above set out contains in subdivision (a) a provision as follows: "The terms used in this section shall have the same meaning as when used in the Revenue Act of 1932." And in (b):

"The tax imposed by this section shall be assessed, collected, and paid in the same manner, and shall be subject to the same provisions of law * * * as the taxes imposed by title I of the Revenue Act of 1932."

Section 47(c) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 498, contained a special provision applicable to the facts in this case as follows: "(c) Income Placed on Annual Basis. If a separate return is made under subsection (a) on account of a change in the accounting period, the net income, computed on the basis of the period for which separate return is made, shall be placed on an annual basis by multiplying the amount thereof by twelve and dividing by the number of months included in the period for which the separate return is made. The tax shall be such part of the tax computed on such annual basis as the number of months in such period is of twelve months."

■ A reading of these provisions we think shows plainly that Congress intended

the provisions of the act of 1932 to apply to taxes imposed under Section 216 of the National Industrial Recovery Act. It is asserted on behalf of plaintiff that the word "terms," as used in subdivision (a) of Section 216 of the above-named act, is limited in its meaning and signification so as not to be applicable to the computation of the excess-profits tax imposed by that section. But this assertion is not supported by any sound reasons. If we turn to the dictionary for a definition of the word "term" or "terms," we find that one of the meanings of "terms" is "provisions" when used with reference to the statements contained in a written or printed document, which would include a statute. In our opinion, the language of Section 216(a) with reference to its terms was used expressly for the purpose of making the provisions of the Revenue Act of 1932 applicable. Besides this, it will be noted that subdivision (b) of Section 216 provides that the tax shall be assessed in the same manner and subject to the same provisions of law as the taxes imposed by title I of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev. Acts, page 482 et seq. The assessment would include the computation of the tax, and to make the matter doubly certain the statute says that the tax shall be subject to the same provisions of law as those imposed by title I of the Revenue Act of 1932. It would seem that Congress made a special effort to make it plain that the tax in question was to be controlled by the Revenue Act of 1932.

If, as we have held above, Section 47(c) of the Revenue Act of 1932 requires the income to be placed on an annual basis where a separate return is made on account of a change in the accounting period (as occurred in the case before us), then it necessarily follows that the action of the Commissioner in the instant case was correct as he strictly followed the requirements of the 1932 act by multiplying the amount of the net income by 12 and dividing by the number of months included in the period for which a separate return was made. The tax was then computed as provided by the 1932 act on such an annual basis as the number of months in such period was part of twelve months.

When enacting the National Industrial Recovery Act and the provisions therein for an excess-profits tax, Congress and its legislative counsel must have been aware of the necessity of making some provision for the computation of the tax in case the period for which it was imposed was less than a year, and we think the special provisions to which we have called attention were intended to supply what otherwise would be a marked defect in the law. Counsel for plaintiff call attention to the 1934 Revenue Act, 26 U.S. C.A.Int.Rev.Acts, page 659 et seq., which included in the portion thereof providing for an excess-profits tax a special provision for the computation of the tax for part of a year, and argue that this shows it was understood that the National Industrial Recovery Act, under which we are now proceeding, had failed to make any provision for part of a year. We think this does not follow. Congress was then framing a general law covering income taxes, excess-profits taxes, estate taxes, excise taxes, and others. It was necessarily written differently from a special law passed for a special purpose such as the National Industrial Recovery Act.

Counsel for plaintiff cite in support of their contention the case of Strong et al. v. United States, 62 Ct.Cl. 67. We think the decision in this case has no application as it was made under an altogether different law and under different circumstances. The tax in that case was levied for a fiscal period beginning September 1, 1917, and ending February 28, 1918, under the old war excess-profits tax then in force but since repealed. The provisions of this act were quite different from what we have now under consideration. Moreover, the case involved a partnership and the act then prevailing included special provisions as to how the tax should be computed in partnership cases. There was nothing in the act to support the action taken by the Commissioner in the case cited, and Section 47(c) of the Revenue Act of 1932 was not then in existence.

There is also an allegation in the petition that the act imposing the tax in question is unconstitutional and void. But this matter is not argued, presumably because this court in a recent case has decided otherwise.

Our conclusion is that the plaintiff's petition must be dismissed and it is so ordered.