**CAMPBELL–FAIRBANKS EXPOSITIONS, Inc., v. UNITED STATES.**

No. 2148.

District Court, D. Massachusetts.

Dec. 3, 1943.

Sullivan & Worcester, Geoffrey A. Sawyer, and Foster E. Allison, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen. and Andrew D Sharpe and Leon F. Cooper, Sp. Assts. to the Atty. Gen., for defendant.

FORD, District Judge.

This is an action brought by the plaintiff corporation to recover surtaxes on undistributed profits for the period from January 1, 1936, to April 30, 1936, imposed by Section 14 of the Revenue Act of 1936, c. 690, 49 Stat. 1648. The applicable sections of the act are set out in the margin.[1]

The facts are as follows:

The plaintiff, Campbell-Fairbanks Expositions, Inc., is a Massachusetts corporation engaged in the business of promoting,

---

[1] Revenue Act of 1936, c. 690, 49 Stat. 1648:

"§ 1. Application of Title

"The provisions of this title shall apply only to taxable years beginning after December 31, 1935. Income, war-profits, and excess-profits taxes for taxable years beginning prior to January 1, 1936, shall not be affected by the provisions of this title, but shall remain subject to the applicable provisions of prior revenue Acts, except as such provisions are modified by legislation enacted subsequent to this Act." 26 U.S.C.A. Int.Rev.Acts, page 819.

"§ 14. Surtax on Undistributed Profits

"(a) Definitions. As used in this title—

*     *     *     *     *

"(2) The term 'undistributed net income' means the adjusted net income minus the sum of the dividends paid credit provided in section 27 and the credit provided in section 26(c), relating to contracts restricting dividends.

"(b) Imposition of Tax. There shall be levied, collected, and paid for each taxable year upon the net income of every corporation a surtax equal to the sum of the following, subject to the application of the specific credit as provided in subsection (c): * * *." 26 U.S.C.A. Int.Rev.Acts, page 823.

"§ 27. Corporation Credit for Dividends Paid

"(a) Dividends Paid Credit in General. For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year." 26 U.S.C.A. Int.Rev.Acts, page 837.

"§ 46. Change of Accounting Period

"If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 47." 26 U.S.C.A. Int.Rev.Acts, page 841.

"§ 47. Returns for a Period of Less Than Twelve Months

"(a) Returns for Short Period Resulting from Change of Accounting Period. If a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.

"(b) Income Computed on Basis of Short Period. Where a separate return is made under subsection (a) on account of a change in the accounting period, and in all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner with the approval of the Secretary, to be made for a fractional part of a year, then the income shall be computed on the basis of the period for which separate return is made. * * *" 26 U.S.C.A. Int.Rev.Acts, page 841.

"§ 48. Definitions

"When used in this title—

"(a) Taxable Year. 'Taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this Part. 'Taxable year' includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made.

"(b) Fiscal Year. 'Fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. * * *" 26 U.S.C.A. Int.Rev.Acts, page 842.

"§ 63. Taxes in Lieu of Taxes under 1934 Act

"The taxes imposed by this title and Title IA shall be in lieu of the taxes imposed by Titles I and IA of the Revenue Act of 1934, as amended." 26 U.S.C.A. Int.Rev.Acts, page 848.

holding, and supervising fairs and expositions. Up to and including the year 1935, the plaintiff kept its books of account and filed its income tax returns on a calendar year basis. On April 6, 1936, the plaintiff applied to the Commissioner of Internal Revenue for permission to change its accounting period from a calendar year basis to a fiscal year basis ending April 30. In anticipation of permission to make the change, plaintiff did in fact close its books on April 30, 1936. On May 4, 1936, the plaintiff was advised by the Commissioner that permission to make the requested change had been granted, but that it would be necessary for plaintiff to file an income and excess profits tax return on or before July 15, 1936, for the four months' period ending April 30, 1936. On May 26, 1936, plaintiff declared a dividend of $25 per share on its outstanding capital stock, payable on May 27, 1936; on May 27, 1936, this dividend totaling $27,500 was paid in cash to stockholders. On June 15, 1936, plaintiff filed its income and excess profits tax return for the four months' period beginning January 1, 1936, and ending April 30, 1936. The amount of income and excess profits tax reported as due in this return was computed by the plaintiff under the provisions of the Revenue Act of 1934, there being no surtax on undistributed profits included therein. Taxes were reported as due in the amount of $10,375.43. On June 22, the Revenue Act of 1936, by its terms retroactive to January 1, 1936, became law.

On or about July 6, 1936, the Collector of Internal Revenue advised the plaintiff that a recomputation of plaintiff's tax liability in accordance with the terms of the Revenue Act of 1936 disclosed a tax liability in the amount of $20,759.75, in which sum was included a surtax on undistributed profits. Plaintiff paid this additional balance. On or about July 21, 1936, plaintiff filed a request with the Collector of Internal Revenue for permission to revert to its former calendar year basis for accounting and filing of tax returns and that it be permitted to file its return for the year 1936 on a calendar year basis. On July 7, 1937, the Collector denied this request. On June 14, 1939, plaintiff filed a claim for refund contending (1) either the Revenue Act of 1936 did not apply to the period beginning January 1 and ending April 30, 1936, or Section 14 of that act did not apply, and (2) that a retroactive application of Section 14 of the 1936 Act violated the "due process" clause of the Fifth Amendment to the Constitution of the United States. It was denied by the Commissioner of Internal Revenue November 14, 1940. After certain adjustments not involved in the present action, plaintiff now sues to recover an overpayment of $9,844.02, and the first question involved is whether the Revenue Act of 1936 or that of 1934 is applicable to the plaintiff's situation.

In support of its contention that the Revenue Act of 1936 is not applicable, the plaintiff argues that the four months' period ending April 30, 1936, occasioned by the change in its accounting period was not a taxable year within the meaning of the relevant provisions of the Revenue Act of 1936. A brief summary of the legislation and decisions leading up to the 1936 Act will show that plaintiff's theory cannot be sustained.

In construing the definition of "taxable year" which appeared in Section 200 of the Revenue Acts of 1918 and 1921, 40 Stat. 1058, 42 Stat. 227, the Board of Tax Appeals and the federal courts were in conflict. "Taxable year" in the 1918 and 1921 Acts was defined as follows: "The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December." The Board of Tax Appeals took the view that accounting periods of less than twelve months occasioned by voluntary actual changes in the taxpayer's accounting system were not taxable years for the purpose of carrying forward or deducting net losses within the meaning of the Revenue Acts of 1918 and 1921. Dorsey Drug Co. v. Commissioner, 7 B.T.A. 229; Leland Stave Co. v. Commissioner, 6 B.T.A. 882; Tacoma Grocery Co., 1 B.T.A. 1062. The federal courts, on the other hand, held that such periods were taxable years. Chess & Wymond Co. v. Lucas, D. C., 33 F.2d 793; Pennsylvania Chocolate Co. v. Lewellyn, D.C., 27 F.2d 762; and see Bankers' Trust Co. v. Bowers, 2 Cir., 295 F. 89, at pages 92, 93, 31 A.L.R. 922.

This conflict as to whether periods of less than twelve months resulting from actual changes in the taxpayer's accounting system are taxable years has been resolved since the redefinition of "taxable year" in Section 200(a) of the Revenue Act of 1924,

43 Stat. 254. That section is identical with Section 48(a) of the Act of 1936, set out in the margin. Under the new definition of "taxable year" which has prevailed since the Revenue Act of 1924, the Board of Tax Appeals has consistently held that periods of less than twelve months occasioned by voluntary, actual changes in the taxpayer's accounting system are necessarily separate and independent taxable years. Sunburst Refining Co. v. Commissioner, 23 B.T.A. 824; Corno Mills Co. v. Commissioner, 21 B.T.A. 712; Pennsylvania Electric Steel Casting Co. v. Commissioner, 20 B.T.A. 602.

■ The plaintiff, however, on the basis of Helvering v. Morgan's, Inc., 293 U.S. 121, 55 S.Ct. 60, 79 L.Ed. 232 and other decisions of the federal courts (Continental Oil Co. v. Helvering, 69 App.D.C. 236, 100 F. 2d 101; Commissioner v. General Machinery Corp., 6 Cir., 95 F.2d 759; Palomas Land & Cattle Co. v. Commissioner, 9 Cir., 91 F.2d 100; Joseph & Feiss Co. v. Commissioner, 6 Cir., 70 F.2d 804; Arnold Constable Corp. v. Commissioner, 2 Cir., 69 F.2d 788) contends that the four months' period ending April 30 was not necessarily a separate taxable year within the meaning of Section 48(a) of the Revenue Act of 1936. It is obvious, however, that these four months must be accounted for somehow. An acceptance of plaintiff's theory necessarily constitutes the four months' period ending April 30, 1936, as part of a taxable year of sixteen months beginning prior to December 31, 1935, and, therefore, under the terms of Section 1 of the Revenue Act of 1936, not covered by that act. But this contravenes a principle recognized in all revenue acts since the Sixteenth Amendment that taxes be assessed on the basis of annual accounting periods of twelve months. Helvering v. Morgan's, Inc., supra, 293 U.S. at page 126, 55 S.Ct. at page 62, 79 L.Ed. 232. It is true that treating periods of less than twelve months as taxable years contravenes that principle just as much as treating periods of more than twelve months does, but the former departure from the twelve months accounting principle has the sanction of Section 48(a) of the act whereas the latter does not.

Moreover, all the cases cited by the plaintiff, including the Morgan's Inc., case, as authority for treating the short period as other than a taxable year, are distinguishable from the case at bar in two respects. (1) They are all cases of merger or affiliation, and, more importantly, (2) in none of those cases did the taxpayer actually change its accounting period. It is true that the mergers necessitated the filing of consolidated returns for a fractional part of the year, but the filing of such returns is not equivalent to the creation of the fractional periods for which they are filed as separate taxable years; it is merely a division of the year into periods for the purpose of accurate computation and equitable apportionment of the taxes during a single taxable year. Helvering v. Morgan's, Inc., supra, 293 U.S. at page 127, 55 S.Ct. at page 62, 79 L.Ed. 232; Continental Oil Co. v. Helvering, supra, 69 App.D.C. 236, 100 F.2d at page 107. In Helvering v. Morgan's, Inc., supra, the taxpayer did not change its accounting period despite the merger and the court was careful to point this out: "Here the taxpayers' taxable year, both before and after the year of affiliation, was the calendar year. * * * The filing of separate returns for fractional parts of the year did not involve any change of the taxpayer's accounting year, * * *." 293 U.S. at pages 127, 128, 55 S.Ct. at page 62, 79 L.Ed. 232. In the case at bar, however, the plaintiff did change its accounting period from a calendar to a fiscal year basis. When that is the case, the Board of Tax Appeals has held that the period of less than twelve months involved in such a change is a taxable year within the meaning of Section 48 and for the purposes of Section 14 of the Revenue Act of 1936. Prudential Tobacco Co., Inc., v. Commissioner, 1940, 42 B.T.A. 518. Dicta in the federal cases point to a similar result. In the last paragraph of the opinion in Helvering v. Morgan's Inc., supra, Mr. Justice Stone distinguishes that case from the case at bar: "It is unnecessary to consider the effect to be given to returns required for a fractional part of the year, where the taxpayer changes his taxable year from a calendar year to a different fiscal year, or vice versa, with respect to which different considerations may enter." The same distinction, viz., whether or not the taxpayer actually changed his accounting period, is marked in each of the cases cited by plaintiff as being in accord with Helvering v. Morgan's, Inc., supra. Continental Oil Co. v. Helvering, supra, 69 App. D.C. 236, 100 F.2d at page 107; Commissioner v. General Machinery Corp., supra, 95 F.2d at page 761; Palomas Land & Cattle Co. v. Commissioner, supra, 91 F.2d at page

101; Joseph & Feiss Co. v. Commmissioner, supra, 70 F.2d at page 805; Arnold Constable Corp. v. Commissioner, supra, 69 F.2d at page 790.

This court concludes that the four months' period resulting from an actual change in plaintiff's accounting system is a taxable year.

The contention of the plaintiff that the application of Section 14 of the Revenue Act of 1936 is unconstitutional has no merit. True, it did impose retroactively additional taxes on income of corporations which had not been distributed to stockholders; but a tax is not necessarily in violation of the due process clause of the Constitution because it is retroactive. Welch v. Henry, 305 U.S. 134, 146, 148, 59 S.Ct. 121, 83 L.Ed. 87, 118 A.L.R. 1142.

The plaintiff argues that the cases of Untermyer v. Anderson, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645; Blodgett v. Holden, 275 U.S. 142, 48 S.Ct. 105, 75 L.Ed. 206, and Nichols v. Coolidge, 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081, are applicable to the instant case. In these cases the Supreme Court held invalid the taxation of gifts made and completely vested before the enactment of the taxing statute and stated, as its ground for doing so, that the nature and the amount of the tax could not have been reasonably anticipated by the taxpayer at the time the gift was made. Since the donor might freely have chosen to give or not to give, the taxation, after choice was made of a gift he could have refrained from making had he anticipated the tax, was held to be arbitrary and oppressive and a denial of due process. However, we have not a similar situation here. The taxing statute here is an income tax statute and a tax on income is not comparable to a gift tax. The tax here increases a tax upon income admittedly earned and all taxpayers similarly situated are included. The gift tax was an entirely new and peculiar type of tax and the court in the cases cited thought it was "wholly unreasonable that one who, in entire good faith and without the slightest premonition of such consequence, made absolute disposition of his property by gifts should thereafter be required to pay a charge for so doing." Blodgett v. Holden, supra, 275 U.S. at page 147, 48 S.Ct. at page 106, 75 L.Ed. 206. It is true that the technique of assessing the income tax here was new but the tax in any event was an income tax and in no case has a federal

income tax been held invalid on the ground it was retroactive. All taxpayers are forewarned of the possibility of a change in rates, classifications, deductions, and credits in income tax laws. Congress for a great many years has made them retroactive for short periods so as to include profits from transactions consummated while the statute was in process of enactment. See Untermyer v. Anderson, supra, footnote 276 U.S. at page 447, 48 S.Ct. at page 355, 72 L.Ed. 645. We expect taxing acts to be passed in the middle as well as at the beginning of the year; and taxpayers are put upon their notice that there will be frequent changes. There is nothing unreasonable in making income taxing statutes retroactive. Cf. United States v. Hudson, 299 U.S. 498, 57 S.Ct. 309, 81 L.Ed. 370; Milliken v. United States, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809.

The plaintiff further argues that the imposition of tax under Section 14 of the Revenue Act of 1936 would be arbitrary because the act was not approved until June 22, 1936, which was after permission had been granted to change its basis of reporting from a calendar to a fiscal year ending April 30, and after the expiration of the four months' period for which it was required to make a separate return in order to effect that change and after its return had been filed on June 15, 1936. Plaintiff contends that on May 27, 1936, it paid a cash dividend of $27,500 to its stockholders without knowledge of the provisions of the act, too late to enable it to obtain the benefit of a deduction of the dividend paid to stockholders under Section 27(a) of the act. It argues it could have obtained the deduction benefit if it had knowledge of the legislation and paid the dividend on or before April 30, 1936, or had remained upon a calendar basis of reporting.

There is no evidence introduced in this case that the plaintiff had no knowledge of the legislation involved in the 1936 Act. There is a statement in its brief to this effect. As the record stands, this court cannot determine, even if it were material, whether the plaintiff would have adopted the course of procedure it outlined in its brief in order to avail itself of Section 27 (a) or whether it chose, for various business reasons or necessities, to do precisely what it did even though it had known a greater tax liability would result. Further, not to apply the provisions of the 1936 Act

to the plaintiff under the circumstances here, even assuming it had no knowledge of the act, would open the door for other corporations, which had not distributed dividends to stockholders for business reasons, to seek relief upon grounds of claimed hardship, and the whole would tend to make tax liability dependent upon the tenuous considerations of a particular taxpayer, rather than upon a principle that could be applied to all taxpayers of a group.

In all tax measures some inequities will arise and some will be injured, but in all such measures, the question to consider is the greatest good to the greatest number. The plaintiff here voluntarily asked for permission to make the change from the calendar year to a fiscal year. It is presumed it did so to secure some advantages, and this being so, it should submit to some of the disadvantages, especially since all taxpayers must be charged with the knowledge that income taxing statutes will change from year to year and by necessity be applied retroactively. Prudential Tobacco Co. Inc. v. Commissioner, supra, 42 B.T.A. at page 520.

I can find no reason for believing that Congress did not intend to apply Section 14 of the 1936 Act retroactively to a corporation situated as was the plaintiff.

### Conclusions of Law.

It is the conclusion of the court that the provisions of the Revenue Act of 1936 are properly applicable in the instant case, and, consequently, judgment must be entered for the defendant with costs.