**James M. WOLF and Elaine S. Wolf,
Plaintiffs,**

v.

**The UNITED STATES of America,
Defendant.**

**Civ. A. No. 0198.**

United States District Court
D. Nebraska.

April 30, 1957.

Frederick S. Cassman, Omaha, Neb., for plaintiffs.

James P. Garland and William A. Miner, Dept. of Justice, Washington, D. C., and William C. Spire, U. S. Atty., Omaha, Neb., for defendant.

ROBINSON, Chief Judge.

By this action the plaintiffs (hereinafter called the taxpayers) seek to re-

cover $4,666.88 paid as additional income tax for the calendar year 1950. The case is properly within the Court's jurisdiction. 28 U.S.C. § 1346(a) (1). Apparently the precise question involved is novel, for no cases were found which would determine whether the taxpayers were entitled, under the provisions of 26 U.S.C. § 51(b), I.R.C.1939, to file a single income tax return jointly for the calendar year, as they contend, or were required to file separate returns, as contended by the Government, because their taxable years were not identical. Nonetheless, counsel for both parties have submitted excellent briefs at the conclusion of the trial, which have been of great assistance to the Court in the determination of the issues.

The taxpayers were married on November 26, 1949. Prior to the marriage Mr. Wolf filed income tax returns on a calendar year basis, while Mrs. Wolf filed her returns on a fiscal year basis ending on August 31st. Subsequent to their marriage, Mrs. Wolf made application to the Commissioner of Internal Revenue for permission to change her accounting period from a fiscal year to a calendar year. On October 19, 1950, the Commissioner advised her by letter that permission was granted. The letter instructed Mrs. Wolf that: "Your new taxable year ends on December 31st. Your first return on the new basis will be for the period beginning September 1, 1950, and ending December 31, 1950." It further instructed her that the net income shown on the short period return required to effect the change must be placed on an annual basis and the tax, if any, must be computed in accordance with the provisions of Section 47(c) of the Internal Revenue Code of 1939, 26 U.S.C. § 47(c) (see Exhibit A, attached to filing 8).

Mrs. Wolf filed an individual income tax return for the fiscal year ending August 31, 1950. This return disclosed a net income in the amount of $7,869.62 and a tax due of $1,511.98, which was paid in due course. But she did not file a separate return for the short period of September 1, 1950, to December 31, 1950. Instead, she filed a single income tax return jointly with her husband for the calendar year 1950. On the return Mr. Wolf reported a net income for the calendar year, while Mrs. Wolf reported only the income received during the short period, which was the sum of $1,178.84. However, in the return this income was annualized. The return disclosed a net income for both of $36,365.80 and a tax due of $11,074.94, which was paid. (It is noted in passing that the figures quoted for Mr. Wolf's income do not correspond in the two briefs; since it is not important which figure is used, the Court has taken the joint income as stated in the Government's brief.)

When the examining officer audited this return, he determined that the taxpayers could not file a joint return for 1950. He then computed the tax liabilities for each on the basis of separate returns. A "substitute for return" for Mrs. Wolf was prepared for the short period. As a result of computing the taxpayers' tax liability on the basis of separate returns, Mr. Wolf had a deficiency in the amount of $3,893.59, and Mrs. Wolf, a deficiency of $194.29. On or about July 27, 1953, the taxpayers paid the additional tax to the District Director of Internal Revenue for the District of Nebraska, together with interest due thereon in the total sum of $4,666.88. Timely claims for refund were filed in due course, and, being disallowed, this suit was brought.

■■ A careful reading of the statutes alone leads this Court to believe that a joint return is not allowed if the taxable year of either spouse is a fractional part of the year. The reasoning is as follows: Section 51(b) (3) provides that "no joint return shall be made if the husband and wife have different taxable years * * *." "Taxable year" is defined in the preceding Section 48(a), 26 U.S.C. § 48(a). While the term ordinarily refers to an annual accounting period, which is normally a calendar year, it actually means the period for

which the taxes are assessed. Waterman S. S. Corporation v. United States, D.C., 32 F.Supp. 880. Cf., Campbell-Fairbanks Expositions, Inc., v. United States, D.C., 53 F.Supp. 331. Hence if the period covered by the income tax return is a fractional part of the year, that is the taxable year. It is thus stated in Section 48(a): " 'Taxable year' means, in the case of a return made for a fractional part of a year * * * the period for which such return is made."

Mrs. Wolf's taxable year is a fractional part of the calendar year 1950, covering the period from September 1st to December 31st. Her situation is not altered, as might be inferred from their counsel's brief, because the net income of this period was placed on an annual basis for the purpose of a tax computation. Parenthetically, it should also be indicated that the Court does not subscribe to the idea advanced by the government that a joint return under these circumstances is tantamount to an "accounting impossibility". It is inescapable that an arbitrary result would be obtained should a joint return be allowed, but the process of annualization is itself only an approximation of a lesser degree, nebulously justified by the concept that a tax can only be properly computed on the basis of an annual accounting period. But an approximation it remains, and if Congress were to provide an exception to Section 51(b) (3) which the taxpayers endeavored to find at this time, no frustration of the national revenue laws need be anticipated. The explanation offered for an annualization may be sound, viz., to place the taxpayer in the correct tax bracket, but the rule is not without its consequent hardships to certain taxpayers, as is evidenced here.

Necessarily, the issues of the present case do not carry us this far. It is sufficient for our needs merely to distinguish the taxable year of Mrs. Wolf from that of her husband. Mr. Wolf's was the calendar year 1950. But Mrs. Wolf's was a fractional part of the year, with the income thereof being annualized

for tax computation purposes. Hence it is not quite an accurate reflection of the present problem to state, as the taxpayers' brief does, that "Mr. and Mrs. Wolf at the time of filing their 1950 return were each on the calendar year annual accounting period." But even if, in its own particular context it might be, certainly it would not *follow* that "the taxpayers had the same taxable year." (See taxpayers' brief, page 8.) Once it is recognized that their taxable years are distinctly different, the prohibition of Section 51(b) (3) applies, which denied them the right to file a joint return.

Due to the emphasis placed by each party on the remainder of Section 51(b) (3), it would be appropriate to indicate how both have, to the Court's thinking, misunderstood the statutory language. The portion referred to reads "The above exception shall not apply if the surviving spouse remarries before the close of his taxable year, nor if the taxable year of either spouse is a fractional part of the year under section 47(a)." Government counsel asserts "that last phrase of the section covers the exact set of facts by which the Court is confronted in this case." See defendant's brief, page 7. Unfortunately, it does not, however. Grammatically, that clause refers to the subject of the sentence to which it belongs, which is "the above exception." And that exception applies only to the case where one spouse dies during the taxable year. Obliquely, it does serve to corroborate the essential point, that where the taxable year of one spouse is a fractional part of a year, it is a taxable year different from a calendar year. But this is not the same as saying that it is a definitive statutory provision covering the matter at issue.

On the other hand, neither is the clause rendered "meaningless and unnecessary" by recognizing that a fractional part of a calendar year and a full calendar year are different taxable years under Section 51(b) (3). In context, the clause limits an exception to the rule that joint returns shall not be made if the husband

and wife have different taxable years, thereby covering a situation where they do have different taxable years, but which falls within the exception nevertheless. This at least would be a straightforward and simple reading of the sentence.

The Government, in its response to the taxpayers' reply brief objects to the use of allegedly self-serving evidence not introduced at the time of the trial. The objection is well taken, and would be noticed if the Court were to find it necessary to rely on the same. Under the present circumstances, however, it can be passed without further comment.

In conclusion, the Court is persuaded that the taxpayers are not entitled to file a joint income tax return for the calendar year 1950; rather, they are required by the provisions of Section 51 (b) (3) to file separate returns. The request of the Government that the taxpayers' complaint be dismissed and that it be awarded its costs shall be granted. Counsel for the Government should prepare and submit Findings of Fact and Conclusions of Law, and an Order in keeping therewith.